

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JOHN CALVIN BURWELL, JR.**  PLAINTIFF

**VERSUS**  CIVIL ACTION NO. 3:14cv193 TSL-JMR

**RANKIN COUNTY, MISSISSIPPI;**
**DEPUTY SHERIFF CHRIS AINSWORTH;**
**JOHN DOES 1-10**  DEFENDANTS

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW Plaintiff, John Calvin Burwell, and files this, his Complaint, against Rankin County, Mississippi, Deputy Chris Ainsworth, individually and in his official capacity, and John Does 1-10 (herein collectively referred to as "Defendants").

### I. INTRODUCTION

1.  This action is brought under 42 U. S. C. A. Section 1983 for violations of Plaintiff's Fourth and Fourteenth Amendment rights and for state law claims of civil assault and battery and intentional and negligent infliction of emotional distress by persons acting under color of state law.

### II. JURISDICTION AND VENUE

2.  This Court has jurisdiction of the parties and of the subject matter in this action. 28 U.S.C.A. Section 1331.

3.  Venue is proper in this Court pursuant to 28 U.S.C.A. Section 1391.

### III. PARTIES

4.  Plaintiff, John Calvin Burwell, is an adult resident of Hinds County, Mississippi and whose mailing address is 1060 East County Line Road, Suite 3A-207, Ridgeland, Mississippi, 39157 and whose telephone number is 601-573-9450.

5.      Defendant, Rankin County, Mississippi, is a municipal entity, organized and existing under the laws of the State of Mississippi. Defendant Rankin County may be served with process of this Court by service upon the Rankin County Board of Supervisors in care of Laura Oster, Comptroller, at 211 East Government Street, Suite A, Brandon, Mississippi 39042. Defendant Rankin County is charged with duty to supervise, manage, and control its Sheriff's Department and its jail to prevent the violation of the civil rights of its citizens.

6.      Defendant, Deputy Sheriff Ainsworth was a law enforcement officer employed by Defendant, Rankin County. At all times material hereto, Defendant Ainsworth was acting within the scope of his employment and under color of state law. Defendant Ainsworth is an adult resident citizen of Rankin County, Mississippi, who may be served with process of this Court pursuant to Fed.R.Civ.P. 4(e).

7.      Defendant, John Does 1-10 are individuals whose identities are presently unknown to Plaintiff, but who are believed to have been acting under color of state law at times relevant to this action, and whose actions were in violation of plaintiff's rights, and whose actions resulted in injuries and damages to Plaintiff.

## IV. STATEMENT OF FACTS

8.      Immediately prior to March 9, 2011, Plaintiff was engaged to be married to Tammy Putnam of Brandon, MS.

9.      Plaintiff purchased a home for the couple, located at 503 Bay Pointe Cove, Brandon, Mississippi, 39047, and some furniture of both Plaintiff and Putnam had been moved in the home.

10.     Plaintiff and Putnam also had furniture stored in a storage compartment in Rankin County, Mississippi.

11.     A dispute arose between Plaintiff and Putnam over the relationship, the marriage was called off, and Putnam demanded her furniture back.

12. When Plaintiff did not comply with the return of the furniture quickly enough, Putnam and her ex-husband, Danny Putnam, drove to the Rankin County Sheriff's Department for advice.

13. Deputy Ainsworth met with the Putnams and informed both parties that the issue was a civil matter and not criminal in nature.

14. Deputy Chris Ainsworth, realizing that Tammy Putnam was an old high school classmate, decided to telephonically call Plaintiff.

15. Deputy Ainsworth called and verbally threatened Plaintiff with criminal charges unless he returned Putnam's furniture immediately.

16. When Plaintiff did not comply immediately, Deputy Ainsworth filed a complaint and issued a warrant for grand larceny against Plaintiff.

17. On March 9, 2011, four Rankin County sheriff vehicles and numerous deputies effected an arrest on Plaintiff.

18. Plaintiff was immediately handcuffed and threatened by Deputy Ainsworth.

19. Just prior to Plaintiff being placed in the vehicle for transport, and unknown Rankin County Deputy at the instruction of Deputy Ainsworth struck Plaintiff in the head causing immediate damage to his jaw, teeth, and ear.

20. Plaintiff was taken to Rankin County Jail and his vehicle was towed.

21. Plaintiff was never read any rights or fingerprinted, but incarcerated and was informed by Deputy Ainsworth that if he ever got out of jail, he was to sell his house and move out of the county.

22. Plaintiff was placed in solitary confinement without food and water on March 9, 2011.

23. On March 10, 2011 Plaintiff was awakened by kicks from jail guards and profanity, and then a nurse is called to the cell.

24. Mark, a male nurse, at the Rankin County jail, carried Plaintiff to a medical area where a female nurse was located.

25. The female nurse inquired as to what happened to the Plaintiff's face and ear.

26. The female nurse checked the Plaintiff's blood sugar and gave Plaintiff an insulin shot.

27. Plaintiff is returned to the lock-down cell where he lost control of his bowels.

28. On March 11, 2014, Plaintiff is awakened and taken to see Deputy Ainsworth in a private room.

29. Deputy Ainsworth states, " Hey Mother Fucker, we fixing to have a come to Jesus meeting in here.  How do you like our jail?  Listen up and if you don't, I will put the word out that you are a child molester and you won't last long.  This is what you are going to do when you get out.  You will sell that house and you will leave Rankin County, and if you don't, this will might be your new home if you live".

30. Deputy Ainsworth then places Plaintiff back in lock down for next four days.

31. Plaintiff is released from the Rankin County jail on March 22, 2014.

### V. CAUSES OF ACTION AND DAMAGES

### COUNT 1

### VIOLATION OF FOURTH AMENDMENT PROTECTION AGAINST EXCESSIVE FORCE

32. Plaintiff re-alleges the allegations in Paragraphs 1-31 of this Complaint.

33. If a law enforcement officer uses excesses force in making an arrest or while Plaintiff is in custody, the Fourth Amendment of the United States Constitution guarantees against unreasonable seizures.

34. Defendant Ainsworth had at all times a duty under the Fourth Amendment to refrain from the use of excessive force in taking the Plaintiff into custody and while Plaintiff was in custody.

35. Once Plaintiff was arrested, Defendant Ainsworth and unidentified deputy sheriffs struck Plaintiff while Plaintiff was handcuffed.

36. Once Plaintiff was arrested, Defendant took Plaintiff to the Rankin County jail and incarcerated Plaintiff where Defendant Ainsworth and other unknown deputies or guards repeatedly threatened and struck Plaintiff in the body and head causing severe and permanent injury to the Plaintiff's teeth and ear.

37. After Plaintiff was placed in the detention cell for an extended amount of time, Plaintiff drifted in and out of consciousness and was unable to control his bowels.

38. While in a semi-conscious state and while incarcerated, unidentified jail officials entered his cell and brutally beat and kicked Plaintiff.

39. Defendant Rankin County failed to adequately train Defendant Officers in proper arrest and detention procedures to insure the Defendant Officers did not violate the rights of a citizen to be free from excessive force under the Fourth Amendment.

40. Defendant Rankin County failed to adequately supervise the Defendant Officers to adequately supervise Defendant Officers in order to insure the Defendant Officers did not violate the rights of a citizen by using excessive force.

41. As a direct result of the said wrongful acts by Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages.

## COUNT 2

### VIOLATION OF FOURTH AMENDMENT – RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

42. Plaintiff re-alleges the allegations of Paragraphs 1-41 of this Complaint.

43. The failure of the Defendant Officers to assure the Plaintiff received appropriate medical attention and treatment while being placed in a detention cell

was a violation of the Fourth Amendment to be free from reckless indifference to Plaintiff's serious medical needs.

44. Defendant Rankin County failed to adequately train Defendant Officers in proper arrest and detention procedures to insure Defendant Officers did not violate the rights of a citizen to be free from reckless indifference to Plaintiff's serious medical needs.

45. Defendant Rankin County failed to adequately supervise Defendant Officers to insure Defendant Officers did not violate the rights of a citizen when apprehended and incarcerated to receive adequate medical attention when needed.

46. As a direct result of these wrongful acts by Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven.

## COUNT 3

### VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS

47. Plaintiff re-alleges the allegations in Paragraphs 1-46 of this Complaint.

48. The right to be free from state-occasioned damage to a person's body is protected by the due process guarantees of the Fourteenth Amendment of the United States Constitution.

49. The Defendant Officers had a duty under the Fourteenth Amendment to refrain from the use of excessive force in taking Plaintiff into custody and incarcerating him.

50. At the time of the arrest, Defendant Ainsworth and unknown deputies and guards struck Plaintiff in the head and body after Plaintiff was handcuffed and in custody.

51. Once Plaintiff was incarcerated, Defendant Ainsworth and other deputies and guards threatened and struck Plaintiff.

52. A person's right to be free from unlawful assault by a law enforcement officer when in custody is a specific due process right which is protected by the Fourteenth Amendment.

53. Defendant officers violated Plaintiff's due process rights when they used excessive force while arresting and incarcerating Plaintiff.

54. Defendant Rankin County failed to adequately train and supervise Defendant Officers in proper arrest and detention procedures to insure Defendant Officers did not violate the rights of a citizen to be free from the excessive force under the Fourteenth Amendment.

55. As a direct result of the wrongful acts by Defendant, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven.

## COUNT 4

### MONETARY CLAIM AGAINST DEFENDANT RANKIN COUNTY

56. Plaintiff re-alleges the allegations of Pargraphs 1-55 of this Complaint.

57. Defendant Rankin County is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains, and controls the Rankin County Sheriff's Department.

58. Defendant Rankin County has established policies and procedures for its Sheriff's Department regarding the use of force in apprehending and detaining suspects, and regarding the provision of medical services to detainees and prisoners.

59. In establishing these procedures, Defendant Rankin County had a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing ineffective policies and procedures that created a likelihood that detainees or prisoners would be subjected to the use of excessive force by County's Sheriff deputies or prison guards, or policies and procedures

which create a substantial likelihood that the serious medical needs of detainees or prisoners would go untreated or would be treated with reckless indifference by its agents, servants, and employees employed by the County's Sheriff's Department.

60. Notwithstanding its duties, Defendant Rankin County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiff's Constitutional rights, in that it:

    A. Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against the Plaintiff,

    B. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force,

    C. Had a custom and practice of failing to effectively discipline or retrain officers who wrongfully utilized excessive force.

    D. Failed to establish polices and procedures to address and correct the repeated use of excessive force by police officers in apprehending and detaining suspects.

    E. Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of the County's agents, servants, and employees in its Sheriff's Department to their serious medical needs.

61. As a direct result of one or more of the foregoing wrongful acts or omissions to act of Defendant Rankin County, the Plaintiff sustained violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages with will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against each Defendant for violations of Plaintiff's Fourth and Fourteenth Amendments to the United States Constitution, in the amount of One Million Dollars ($1,000,000) for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct and acts in the future, plus costs, and plus further relief as is deemed just and proper.

This the 7th day of March 2014.

Respectfully submitted,

By: *John Calvin Burwell Jr.*
John Calvin Burwell, Jr. Plaintiff
Pro Se